**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYED NAZIM ALI, | No. 19-15853 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-04086-NC |
| v. | |
| AMAZON.COM, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted March 3, 2020[***]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Syed Nazim Ali appeals pro se from the district court's summary judgment

in his employment action alleging federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Dep't of Fair Emp't &*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Ali's claim for race discrimination under the California Fair Employment Housing Act ("FEHA") because Ali failed to raise a genuine dispute of material fact as to whether defendant's legitimate, nondiscriminatory reasons for not hiring him were pretextual. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113-14, 1118-19 (Cal. 2000) (setting forth burden-shifting framework under FEHA for discrimination claims and noting that summary judgment for the employer is appropriate where, given the strength of the employer's showing of legitimate reasons, any countervailing circumstantial evidence of discriminatory motive is too weak to raise a rational inference that discrimination occurred).

The district court did not abuse its discretion by denying Ali's motion to compel because Ali failed to demonstrate that the denial of discovery resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendant's motion to file documents under seal is granted. The Clerk will maintain under seal defendant's supplemental excerpts of record, volume 2.

**AFFIRMED.**